Margie F. MORGAN, Petitioner,

v.

COMPUGRAPHIC CORPORATION,
Respondent.

No. C–2411.

Supreme Court of Texas.

July 11, 1984.

Rehearing Denied Oct. 10, 1984.

Cox & Bader, Betran T. Bader, III, Dallas, for petitioner.

Hughes & Hill, William B. Finkelstein, Eugene Zemp DuBose and Paul Koning, Dallas, for respondent.

RAY, Justice.

Margie F. Morgan brought this suit against Compugraphic Corporation and Solutek Corporation under theories of negligence and strict liability, alleging that the two corporations were jointly and severally liable for injuries she had incurred as a result of inhaling chemical fumes emitted from a typesetting machine installed in her office. Solutek timely answered, but Compugraphic filed no answer. After hearing evidence as to damages pursuant to Texas Rule of Civil Procedure 243, the trial court rendered default judgment against Compugraphic in the amount of $200,000 and then severed Morgan's cause of action against Compugraphic from her suit against Solutek. Compugraphic appealed by writ of error to the Dallas Court of Appeals. The court of appeals reversed and remanded the cause for a trial on the merits,[1] holding that: (1) Morgan had the burden of proving that her injuries were proximately caused by the acts of Compugraphic; (2) Morgan had presented no competent evidence of proximate cause; and (3) the trial court's severance of Morgan's suit against Compugraphic from her suit against Solutek was improper. 656 S.W.2d 530.

Morgan contests the correctness of each of these holdings before this court. Upon consideration of the court of appeals holding that it was incumbent upon Morgan to prove proximate cause, we reach the somewhat different conclusion that Morgan was required to prove a causal nexus between her injuries and her exposure to chemical fumes. We find some competent evidence in the record which establishes such a causal nexus. We further find that the court of

1. One associate justice filed a dissenting opinion in which he agreed with the majority that the judgment of the trial court should be reversed, but differed with the majority in stating that the court of appeals should render judgment that Morgan take nothing.

appeals erred in holding that the trial court's severance of Morgan's causes of action was improper. We reverse the judgment of the court of appeals and remand the cause to that court for a determination of whether there was factually sufficient evidence to support an award of $200,000.

The only evidence as to the facts of this case consists of Morgan's testimony before the trial court at the assessment of damages hearing, at which Compugraphic did not appear. Morgan is a secretary employed by Frito-Lay, Inc. Morgan testified that she had always been in good health prior to returning to work from a vacation in November of 1979. Upon her return to work, Morgan found that a typesetting machine had been installed near her desk. The machine was manufactured and installed by Compugraphic and used chemicals manufactured by Solutek. Morgan testified that the machine was positioned in such a way that the back of it was only two inches from her face as she worked. Soon after Morgan came back to work, she began to develop problems with her breathing. After working four or five days near the machine, she began to experience blurred vision, headaches, stomach problems, and swelling of the eyes, lips, and nasal passages. About a month after she began to suffer these symptoms, Morgan learned that two chemical leaks in the typesetter had been discovered and repaired. Morgan's health continued to decline after the repair. She testified that she began to develop frequent skin rashes as well as a number of problems with her circulatory, digestive and nervous systems. She further testified that she has to administer histamine shots to herself twice each day.

■ We first reach the question of whether a party who secures a default judgment against a non-answering defendant must, at a Rule 243 hearing, present evidence proving the cause of the damages. Rule 243 reads as follows:

If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

At issue in this case is the meaning of the phrase "the court shall hear evidence as to damages." Morgan contends that "evidence as to damages" refers only to evidence establishing the fact of damages and does not include evidence pertaining to the cause of those damages. Morgan cites as support two long-standing rules of Texas jurisprudence. One rule is that a judgment taken by default on an unliquidated claim admits all allegations of fact set out in the petition, except the amount of damages. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979); *Long v. Wortham*, 4 Tex. 381 (1849). The other rule, a corollary of the first, holds that if the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability. *Tarrant County v. Lively*, 25 Tex.—Supp. 399 (1860); *Clark v. Compton*, 15 Tex. 32 (1855); *Wall v. Wall*, 630 S.W.2d 493, 496 (Tex. Civ. App.— Fort Worth 1982, writ ref'd n.r.e.).

■ Morgan's argument is flawed because it combines two distinct aspects of causation which exist in a personal injury case such as this. In a personal injury case, the plaintiff typically alleges that the defendant's conduct caused an event—an automobile accident, a fall, or in this case, the release of chemical fumes—and that this event caused the plaintiff to suffer injuries for which compensation in damages should be paid. Thus, at trial the plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries.[2]

2. The distinction between these two causal nexuses is illustrated by contrasting the standard jury issues regarding proximate and producing cause with the issue regarding damages for personal injuries. The issues on proximate and

The causal nexus between the defendant's conduct and the event sued upon relates to the liability portion of plaintiff's cause of action. Here, we use the term "liability" to mean legal responsibility for the event upon which suit is based. In a negligence action, liability is usually established by proving that the defendant's negligence was a proximate cause of the event sued upon; in a products liability action in which a manufacturing defect is alleged, liability is established by proving that a product was placed in the stream of commerce containing a defect which was a producing cause of the event made the basis of suit. It is this causal nexus between the conduct of the defendant and the event sued upon that is admitted by default. From the rule that a default judgment conclusively establishes the defendant's liability, it follows that a default judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based.

Whether the event sued upon caused any injuries to the plaintiff is another matter entirely. The causal nexus between the event sued upon and the plaintiff's injuries is strictly referable to the damages portion of the plaintiff's cause of action. Even if the defendant's liability has been established, proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled. This is true because the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit; that the defendant has defaulted does not give the plaintiff the right to recover for damages which did not arise from his cause of action. *See Mitchell v. Town of Ahoskie*, 190 N.C. 235, 129 S.E.

626 (1925). To hold, as we do, that a defaulting defendant does not admit that the event sued upon caused any of plaintiff's alleged injuries is entirely consistent with the rule that a judgment taken by default admits all allegations of fact set out in the petition, except for the amount of damages. Proving that the event sued upon caused the plaintiff's alleged injuries is part and parcel of proving the amount of damages to which the plaintiff is entitled. The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence. *See Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). *Accord Smith v. Sayles*, 637 S.W.2d 714 (Mo. App. 1982). We conclude that the mandate of Rule 243 that the court hear "evidence as to damages" makes it incumbent upon a party who obtains a default judgment in a personal injury action to present competent evidence of a causal nexus between the event sued upon and the party's alleged injuries.

It remains to apply the rules set forth in the foregoing discussion to the case before us. Morgan alleged in her petition that Compugraphic negligently installed a typesetting machine, or, alternatively, installed a defective typesetting machine, and that as a result of this conduct chemical fumes were released into Morgan's office, causing her a variety of injuries. The event sued upon is thus the release of chemical fumes into Morgan's office. By its default, Compugraphic admitted that its negligence was a proximate cause of the release of chemical fumes into Morgan's office. Compugraphic further admitted by its default that a defect in the typesetting machine was a producing cause of that

producing cause inquire as to the defendant's liability for the event upon which suit is based:
Proximate Cause Issue: "Do you find from a preponderance of the evidence *that such action was a proximate cause of the occurrence in question?*" 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 3.01 (1969) (emphasis supplied).
Producing Cause Issue: "Was that defect *a producing cause of the occurrence in question?*" 3 STATE BAR OF TEXAS, TEXAS PATTERN

JURY CHARGES PJC 71.01A (1982) (emphasis supplied).
The damages issue inquires as to whether there is a causal link between the event sued upon and the plaintiff's injuries:
"Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate [plaintiff] for his *injuries, if any, resulting from the occurrence in question.*" *Id.*, PJC 80.03 (emphasis supplied).

event. However, Compugraphic's default did not establish that the release of chemical fumes caused Morgan any injuries. At the Rule 243 hearing, Morgan had the burden of presenting competent evidence of a causal nexus between the release of chemical fumes and her alleged injuries.

This brings us to the issue of whether Morgan presented some competent evidence that her alleged injuries were caused by the release of chemical fumes into her office. We do not attempt here to detail all such evidence; rather, our task is to determine if there is some evidence to support the trial court's judgment. As stated previously, Morgan's testimony was the only evidence presented at the Rule 243 hearing. Morgan concedes that she is a layperson not qualified to give expert medical testimony. Lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Lenger v. Physician's General Hospital, Inc.*, 455 S.W.2d 703, 706 (Tex. 1970). Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation. *Griffin v. Texas Employers' Insurance Association*, 450 S.W.2d 59, 61 (Tex. 1969). *See e.g.*, *Insurance Company of North America v. Kneten*, 440 S.W.2d 52 (Tex. 1969); *Fidelity & Guaranty Insurance Underwriters, Inc. v. Rochelle*, 587 S.W.2d 493 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Coca Cola Bottling Co. of Plainview v. White*, 545 S.W.2d 279 (Tex.Civ.App.—Waco 1976, no writ); *Northern Assurance Company of America v. Taylor*, 540 S.W.2d 832 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Coca Cola Bottling Co. of Fort Worth v. McAlister*, 256 S.W.2d 654 (Tex.Civ.App.—Fort Worth 1953, no writ); *United States Casualty Co. v. Vance*, 91 S.W.2d 465 (Tex.Civ.App.—San Antonio 1936, writ ref'd).

In the instant case, the evidence shows that Morgan had always been in good health prior to returning to work from her vacation. Upon returning to her job, she worked with her face two inches from a typesetting machine which, it is admitted by default, was leaking chemical fumes. Soon after resuming her employment, that is, soon after being exposed to the fumes emanating from the typesetting machine, Morgan experienced problems with "breathing and swelling and the like." After four or five days of being constantly exposed to these fumes during her working hours, Morgan developed symptoms such as watering of the eyes, blurred vision, headaches and swelling of the breathing passages. We believe this evidence establishes a sequence of events from which the trier of fact may properly infer, without the aid of expert medical testimony, that the release of chemical fumes from the typesetting machine caused Morgan to suffer injury. We thus conclude that there is some evidence in the record to support the trial court's award of damages. *See Hurst v. Sears, Roebuck & Co.*, 647 S.W.2d 249, 253 (Tex. 1983).

The third issue for decision is whether the trial court's severance of Morgan's suit against Compugraphic from her cause of action against Solutek was proper. Compugraphic argues that it is improper to order a severance when the plaintiff's cause of action seeks joint and several recovery for indivisible injury caused by multiple defendants. Certainly, this is not a hard and fast rule. Such causes of action have frequently been severed for venue purposes. *E.g. Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65 (1942); *Stewart v. Whitworth*, 453 S.W.2d 875 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ dism'd). Since Morgan allegedly suffered indivisible injury as a result of the tortious acts of two wrongdoers, she had the option of proceeding to judgment against any one defendant separately or against all in one suit. *See Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731 (1952). Thus, Morgan's suit against Compugraphic and her suit against Solutek are each a cause of action which might

properly be tried and determined as if it were the only claim in controversy. The basic requirement for severance was therefore met. *See Kansas University Endowment Association v. King,* 162 Tex. 599, 350 S.W.2d 11 (1961).

A trial court has broad discretion in the matter of severance of causes and the trial court's action thereon will not be disturbed on appeal except for an abuse of discretion. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956). In many cases, considerations of fairness or judicial economy may require a trial court not to sever a cause of action brought by a plaintiff who seeks to impose joint and several liability upon multiple defendants for indivisible injuries. Under the facts of this case, however, we find no abuse of discretion in the trial court's severance of Morgan's cause of action against Compugraphic from her suit against Solutek. *Cf. Mayfield v. Gleichert,* 437 S.W.2d 638, 640 (Tex.Civ. App.—Dallas 1979, no writ); *Swafford v. Holman,* 446 S.W.2d 75 (Tex.Civ.App.— Dallas 1969, writ ref'd n.r.e.); *Moore v. Mathis,* 369 S.W.2d 450 (Tex.Civ.App.— Eastland 1963, writ ref'd n.r.e.), *cert. denied,* 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). Even if the trial court's severance were error, it would not be error that "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." TEX. R. CIV. P. 503.

We have held that Morgan's testimony at the assessment of damages hearing constitutes some evidence to support the award of damages made by the trial court. In the court of appeals, Compugraphic presented a point of error asserting that the evidence offered by Morgan at the damage assessment hearing was factually insufficient to support an award of $200,000. This point of error was not passed upon by that court, and we lack jurisdiction to consider it. TEX. REV. CIV. STAT. ANN. arts. 1728, 1821. Therefore, we must remand this cause to the court of appeals for a ruling on Compugraphic's factual insufficiency point. Should the

court of appeals sustain the point and order a new trial, as opposed to a remittitur, we suggest that the new trial be limited to the issue of damages, because Compugraphic's liability has been established by default. *See* TEX. R. CIV. P. 434.

We reverse the judgment of the court of appeals and remand the cause to that court for a consideration of Compugraphic's point of error asserting that the evidence is factually insufficient to support an award of $200,000.