In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-174 CV


____________________



JENNIFER WALTER, Appellant



V.



CARRIE ANN BOX, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-165,453






 MEMORANDUM OPINION 


 Jennifer Walter appeals from the trial court's grant of Carrie Ann Box's motion for
summary judgment. Walter sued Box and the settling defendants for negligence stemming
from a multi-vehicle accident. We affirm.

Background

 Walter and Box were involved in a chain-reaction, rear-end collision on August 6,
1999. While traveling north on the East-Tex Highway in Beaumont, Texas, Walter stopped
her vehicle in response to traffic. Soon after, Ralf M. Hare, driving a United Rentals truck,
hit Walter's car from behind. Seconds later, the vehicle driven by Box impacted the back of
the United Rentals truck causing it to again strike Walter's rear bumper. Ambulances
transported Walter and Box to the hospital. Box's impact with the United Rentals truck
caused her to lose consciousness. At the scene, and at the emergency room, Walter
complained of dizziness, numbness in her fingers and toes, right shoulder pain, neck pain,
and upper and lower back pain. The investigating police officer gave Box a citation for
failure to control speed. 

 Walter sued Box for personal injuries she attributes to Box's impact with the United
Rentals truck. Box filed a no-evidence motion for summary judgment. Box's motion asserts
that Walter presented no evidence with respect to the causation element of her negligence
claim. Walter contends that her testimony sufficiently raises a fact issue on the cause of her
injuries. Walter attached her deposition transcript, Box's deposition transcript, and the police
report to her response to Box's motion. Standard of Review for No-Evidence Summary Judgment

 We review the trial court's granting of a no-evidence motion for summary judgment
under the standards set forth in Rule 166a(i) of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 166a(i). To defeat a no-evidence summary judgment motion, the non-movant must
produce summary judgment evidence raising a genuine issue of material fact regarding each
element challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). The non-movant raises a genuine issue of material fact by producing "more than a
scintilla of evidence" establishing the challenged element's existence. Id. More than a
scintilla of evidence exists when the evidence is such that reasonable and fair-minded people
can differ in their conclusions. Id. at 601. If "'the evidence offered to prove a vital fact is
so weak as to do no more than create a mere surmise or suspicion of its existence, the
evidence is no more than a scintilla and, in legal effect, is no evidence.'" Id. (quoting
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the
non-movant has produced more than a scintilla of evidence, we review the evidence in the
light most favorable to the non-movant, crediting such evidence if reasonable jurors could,
and disregarding contrary evidence unless reasonable jurors could not. See Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006); City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005).

 In a negligence case, the negligent act must be the proximate cause of the injury. 
Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995). To establish causation in
a personal injury case, a plaintiff must prove that the defendant's conduct caused an event
and that this event caused the plaintiff to suffer compensable injuries. Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). "The causal nexus between the event sued
upon and the plaintiff's injuries must be shown by competent evidence." Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 732 (Tex. 1984). 

 "Proof of causation cannot 'turn upon speculation and conjecture.'" Leitch v.
Hornsby, 935 S.W.2d 114, 119 (Tex. 1996) (quoting Lenger v. Physician's Gen. Hosp., Inc.,
455 S.W.2d 703, 706 (Tex. 1970)). A possibility that an accident may have contributed to
claimed injuries is not sufficient to show causation; a reasonable probability is required. 
Smith v. Sw. Bell Tel. Co., 101 S.W.3d 698, 702 (Tex. App.-Fort Worth 2003, no pet.). Lay
testimony is sufficient to establish the required causal nexus only in those cases in which
general experience and common sense enable a lay person to determine, with reasonable
probability, the causal relationship between the event and the condition. Morgan, 675
S.W.2d at 733. Generally, lay testimony that establishes a sequence of events that shows a
strong, logically traceable connection between the event and the condition is sufficient proof
of causation. Id. 

 When Box hit the United Rentals truck, she undeniably caused Walter's car to be hit
a second time by the truck. Nevertheless, to defeat summary judgment, Walter must also
demonstrate some evidence that this second impact caused Walter to suffer compensable
injuries. See Burroughs Wellcome, 907 S.W.2d at 499. Only Walter's personal injuries are
at issue in this case because she did not sue Box for property damage. 

 Walter's extensive history of prior and subsequent accidents and injuries shows she
had previously complained of virtually all of the ailments for which she seeks compensation
from Box. Moreover, although Walter claimed at her deposition that the impact attributed
to Box caused Walter's symptoms to increase, she also testified to the contrary, as follows: 

 [Defense Counsel:] Now you allege that your injuries were
caused by both impacts?


 [Walter:] I don't know.


 [Defense Counsel:] Well, do you have any way of knowing
which impact caused your injuries?


 [Walter:] No.


Additionally, when questioned by her own attorney, Walter declined to relate her seeking
medical treatment to the impact at issue: instead, she stated that she sought medical attention
solely because of her pain. Walter never sought to change her deposition testimony regarding
her knowledge of the cause of her complaints. See Tex. R. Civ. P. 203.1(b).

 A lay witness may testify about what caused her pain, and when this testimony
establishes a strong, logically traceable connection, the testimony is evidence of the causation
of an injury. See Morgan, 675 S.W.2d at 733. However, in this case, Walter testified that
she did not know the cause of her complaints, and she declined to attribute her seeking
medical attention to the impact at issue. Additionally, Walter provided no expert testimony
linking her complaints to that impact. As a result, Walter presented no evidence that Box's
impact with the United Rentals truck caused Walter's injuries. See Smith, 101 S.W.3d at 702
(affirmed directed verdict because no evidence presented on causation element when plaintiff
testified that she did not know what was causing her pain). 

 Having reviewed the evidence in the light most favorable to Walter and disregarded
all contrary evidence and inferences, we hold the trial court properly granted Box's summary
judgment. See Mack Trucks, 206 S.W.3d at 582. Accordingly, we overrule Walter's issue
and affirm the trial court's judgment. 

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on November 29, 2006

Opinion Delivered April 26, 2007

Before Gaultney, Kreger, and Horton, JJ.