Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00310-CV 

                                                      _________

 

                     ONE
THOUSAND THREE HUNDRED FIFTY FOUR 

                               UNITED
STATES DOLLARS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                           On
Appeal from the 3rd District Court

 

                                                       Anderson
County, Texas

 

                                                   Trial
Court Cause No. 40,158

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
appeal arises from a civil forfeiture proceeding brought under Tex. Code Crim. Proc. Ann. ch. 59
(Vernon 2006 & Supp. 2007).  The trial court entered a default judgment in
which it forfeited $1,354 in U.S. currency seized from Brandon Keione
Williams.  Williams challenges the default judgment in a single issue.  We
affirm.

                                                               Background
Facts








The
State initiated the underlying action to forfeit the currency by filing a Anotice of seizure and
intended forfeiture@
on February 1, 2006.  The State alleged in the pleading that the currency was
contraband as defined by Article 59.01.  The State attached the affidavit of
Officer Jason Waldon of the Palestine Police Department to the pleading in
support of its allegations.  Officer Waldon stated in the affidavit that he
seized the currency from Williams at the time of his arrest on January 26,
2006.  Officer Waldon arrested Williams after pursuing him first by vehicle and
then on foot after Williams fled his vehicle after stopping.  A search of the
vehicle operated by Williams revealed a plastic bag containing cocaine residue
and another plastic bag containing marihuana.  Officer Waldon stated that he
believed that the currency was the proceeds from the commission of a felony.

Williams
was served with citation and a copy of the State=s
pleading on February 2, 2006, while incarcerated in the Anderson County Jail. 
The citation specified that, if Williams or his attorney did not file a written
answer by 10:00 a.m. on the Monday next following the expiration of twenty days
after he was served, a default judgment may be taken against him.  The return
of citation was filed with the clerk on February 13, 2006.  Williams did not
file an answer in the cause.  The State filed a motion for Ano answer default judgment@ on September 18, 2006. 
The trial court granted the State=s
motion by entering a default judgment against Williams on September 25, 2006. 

On
October 19, 2006, Williams filed a pro se pleading entitled AEx Parte Petition to Appeal
an Order on Default Judgment.@ 
Williams acknowledged in this pleading that he was served with citation.  He
alleged that the currency was not contraband because it came from the sale of a
litter of Apedigree
[p]itt bull puppies@
and money earned at his uncle=s
car wash.  He further alleged that he had been at a disadvantage due to his
lack of education and incarceration.

                                                                        Analysis

Forfeiture
proceedings of seized property are civil in nature.  Article 59.05(b).  In a
forfeiture proceeding, the State must prove by a preponderance of the evidence
that the property seized is contraband and, therefore, that the property is
subject to forfeiture. Articles 59.02(a), 59.05(b); $162,950 in Currency of
the U.S. v. State, 911 S.W.2d 528, 529 (Tex. App.CEastland 1995, writ denied).








Williams
asserts in a single issue that the forfeiture of the currency was not Ain the interest of justice@ and that he is entitled to
recover the money.  Williams is essentially attempting to relitigate the
factual determination that the currency constituted contraband.  As noted
previously, Williams failed to timely file an answer to the State=s notice of seizure and
intended forfeiture.  A no‑answer default judgment is properly granted if
(1) the plaintiff files a petition that states a cause of action, (2) the
petition invokes the trial court=s
jurisdiction, (3) the petition gives fair notice to the defendant, and (4) the
petition does not disclose any invalidity of the claim on its face. See Texaco,
Inc. v. Phan, 137 S.W.3d 763, 769 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).  If the facts set out in the petition allege a
cause of action, a default judgment conclusively establishes the defendant=s liability.  Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984). The non‑answering
party is deemed to have admitted all facts properly pleaded. Holt Atherton
Indus., Inc.  v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  Consequently,
the non‑answering party is precluded from challenging the sufficiency of
the evidence supporting his liability. Phan, 137 S.W.3d at 770.

The
State=s pleading in
this case gave Williams fair notice of the State=s
claims regarding the forfeiture of the currency that Officer Waldon recovered
during the search and appellant=s
arrest on January 26, 2006.  The State=s
notice and the attached sworn affidavit of Officer Waldon fulfilled the
statutory and evidentiary requirements for a forfeiture action.  Accordingly,
Williams=s evidentiary
challenge is overruled.

We
further note that Williams did not file a motion for new trial to set aside the
default judgment.  Moreover, the allegations set out in his AEx Parte Petition to Appeal
an Order on Default Judgment@
do not establish that his failure to file an answer was not intentional or the
result of conscious indifference.  See Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939).  ANot
understanding a citation and then doing nothing following service does not
constitute a mistake of law that is sufficient to meet the Craddock
requirements.@  In
re R.R., 209 S.W.3d 112, 115 (Tex. 2006).  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 27, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.