**Motion Denied; Memorandum Opinion of January 14, 2020 Withdrawn; Reversed and Rendered in Part, Affirmed in Part, and Substitute Memorandum Opinion filed February 11, 2021.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00566-CV

---

**EBONI IVORY HILLS, Appellant**

**V.**

**CARLOS DONIS, CALIXTO DONIS, VICTOR MATAMOROS, SAIRA CASTELLANOS, INDIVIDUALLY AND AS NEXT FRIEND OF S.D., A MINOR, Appellees**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-38471**

---

### SUBSTITUTE MEMORANDUM OPINION

Appellees' motion for rehearing is denied. We withdraw our memorandum opinion of January 14, 2020 and issue this substitute memorandum opinion.

This is a personal injury case arising from an automobile accident. On appeal, Eboni Ivory Hills challenges the trial court's judgment in favor of appellees

Carlos Donis, Calixto Donis, Victor Matamoros, and Saira Castellanos, both in her individual capacity and as next friend of S.D., a minor (collectively the "Donis Parties"). Hills asserts the Donis Parties failed to present legally and factually sufficient evidence to support their negligence claims. For the reasons set forth below, we reverse and render, in part, and affirm, in part.

## I.    BACKGROUND

On July 6, 2014, Carlos Donis was driving his car south on I-45 in Houston, Texas, around 4:00 p.m. It was raining and the freeway was congested with traffic. Calixto Donis, Victor Matamoros, Saira Castellanos, and S.D. were passengers in Carlos's car. Richard Morehouse was driving his vehicle behind Carlos's vehicle. There was standing water on the highway, which caused Carlos to slow down or stop.

Hills was entering I-45 behind a vehicle that blocked her view of Carlos's and Morehouse's vehicles. According to her testimony, a vehicle in front of Hills "jolt[ed] into traffic," and Hills applied her brakes, but did not have enough time to stop before hitting the back-right-side of Morehouse's car, and then ricocheting into the back of Carlos's vehicle.

Hills's car was totaled. Morehouse's vehicle sustained substantial damage, but there was minimal damage to the rear of Carlos's vehicle. No airbags deployed in any of the vehicles.

After the accident, none of the parties involved requested or left in an ambulance. No one went to the emergency room. No one was bleeding, had bruises, scrapes, cuts, or broken bones. Carlos drove his car home with all passengers.

2

On June 7, 2016, the Donis Parties filed this negligence suit, seeking damages for physical pain, mental anguish, medical expenses, loss of earnings, and loss of enjoyment of life. On May 17, 2018, the case was called to trial. The parties waived their right to a jury trial. The trial court heard testimony from several witnesses, including Hills, Morehouse, and all the Donis Parties.

Morehouse testified the impact jolted him around in the car and he felt immediate head and neck pain. He did not follow-up with any healthcare provider because the pain went away after about a day or two. He stated he did not have any long-term injuries.

The Donis Parties maintain that the accident caused substantial soft tissue injuries to each occupant of the vehicle. Each of the Donis Parties testified at trial.

### Carlos

Carlos testified that he suffered pain because of the accident, stating "It's difficult for me to —to move around to the right or to the left." Medical bills admitted into evidence in the amount of $73,496.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical intervertebral disc ("IVD") displacement without myelopathy, lumbar IVD displacement without myelopathy, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, and lumbar disc disorder.

### Calixto

Calixto testified he was injured in the accident in his lower back and part of his neck. Medical bills admitted into evidence in the amount of $63,488.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement without myelopathy, lumbar IVD displacement without myelopathy, thoracic IVD displacement without myelopathy, cervical discogenic

3

pain, lumbar discogenic pain, disc herniation, cervical disc disorder, and thoracic disc disorder.

*Victor*

Victor testified that he had injuries after the accident and that he cannot muster strength to lift things that weigh 50 or 60 pounds. Medical bills admitted into evidence in the amount of $75,681.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement without myelopathy, lumbar IVD displacement without myelopathy, cervical discogenic pain, lumbar discogenic pain, cervical disc disorder and lumbar disc disorder.

*Saira*

Saira testified that she had pain in her left ankle after the accident and cannot go out for walks or wear shoes with high heels. Medical bills admitted into evidence in the amount of $5,960.00 included diagnoses of cervical radiculitis, lumbar radiculitis, ankle pain, ankle contusion, hip pain, muscle spasms, post-traumatic headache, numbness, and tingling.

*Saira as next friend of S.D.*

Saira testified that S.D. did not complain of pain; however, she consulted with a physician. Medical bills admitted into evidence in the amount of $285.00 included diagnoses of lumbalgia and muscle spasms.

*Damages Sought at Trial*

At trial, the Donis Parties did not seek damages for lost wages, mental anguish, or pain and suffering.[1] They only requested reimbursement of their medical bills in the approximate amount of $248,000.00.

---

[1] Trial counsel for the Donis Parties stated in his closing argument that "Plaintiffs are

On May 18, 2018, the trial court issued a Final Judgment in favor of the Donis Parties. The trial court awarded each party past medical expenses as follows:

Carlos Donis - $48,906.00

Calixto Donis — $48,676.00

Victor Matamoros — $41,633.00

Saira Castellanos, individually — $5,960.00

Saira Castellanos, as next friend of S.D. — $285.00

The total award for past medical expenses for all parties was $145,460.00.

Also, on May 18, 2018, the trial court filed Findings of Fact and Conclusions of Law.[2]  Hills filed a motion for new trial, which was denied.  This appeal timely followed.

## II.    ANALYSIS

Hills presents two issues on appeal:

1)     Whether the evidence is legally sufficient to support the district court's judgment where the appellees failed to present any competent expert testimony demonstrating that the automobile accident occurring on July 6, 2014 proximately caused the soft tissue injuries about which [the Donis Parties] complain.

2)     Whether the evidence is factually sufficient to support the district court's judgment where the appellees failed to present any competent expert testimony demonstrating that the automobile accident occurring on July 6, 2014 proximately caused the soft tissue injuries about which [the Donis Parties] complain.

---

only asking for the medical bills in this case.  They're not looking for lost wages.  They're not looking for pain and suffering and mental anguish.  They just want to be compensated and made whole for their medical bills paid."

[2] The record, however, contains only the second page of the trial court's Findings of Fact and Conclusions of Law.  The Donis Parties filed a Motion to Correct Clerical Error by Judgment Nunc Pro Tunc on April 22, 2019, which was denied by the trial court.  Appellees attached to their appellate brief, as an exhibit, the alleged missing page.  This page, however, is not part of the appellate record and, as such, is not properly before us for consideration.

## A.    STANDARD OF REVIEW

In a nonjury trial, findings of fact have the same force and dignity as a jury's verdict. *Green v. Alford*, 274 S.W.3d 5, 23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a complete reporter's record is filed, as here, we may review the trial court's findings of fact for legal and factual sufficiency under the same standards we apply to jury verdicts. *See id.* (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam)).

In conducting a sufficiency review, we consider the evidence in the light most favorable to the challenged findings and indulge every reasonable inference that supports the findings. *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 765 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* We credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id.* When appellant attacks a finding on an issue on which she did not have the burden of proof, appellant must demonstrate that no evidence supports the adverse finding. *Id.* Evidence is legally insufficient to support a finding when (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.*

In reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor and contrary to the challenged findings. *Chenevert*, 557 S.W.3d at 765. We may set aside the verdict for factually insufficient evidence only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The

6

party asserting that the evidence is factually insufficient must establish that the finding is against the great weight and preponderance of the evidence. *Id*. In assessing the evidence, we do not act as factfinder in that we may not pass on the credibility of the witnesses or substitute our judgment for that of the factfinder. *Id*. Instead, the trial court, as the trier of fact in this case, is the "sole judge of the credibility of the witnesses and the weight to afford their testimony." *Id*.

## B.    EVIDENCE OF CAUSATION

Establishing causation in a personal injury case requires a plaintiff to "prove that the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries."[3] *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). Thus, "when an accident victim seeks to recover medical expenses, she must show both 'what all the conditions were' that generated the expenses and 'that all the conditions were caused by the accident.'" *Id*. (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex. 2007)).

Expert testimony is generally necessary to establish causation of medical conditions that are "outside the common knowledge and experience of jurors." *See Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). In limited cases, however, lay testimony may support a causation finding that links an event with a person's physical condition. *Id*. at 666. "This exception applies only in those cases in which general experience and common sense enable a layperson to determine the causal relationship with reasonable probability." *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *2 (Tex. App.—Houston [14th Dist.]

---

[3] *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 684 (Tex. App.—Dallas 2000, no pet.) (In a typical negligence case, "the plaintiff must establish two causal nexuses: (1) between the defendant's negligent act and the occurrence; and (2) between the occurrence and the injuries of which the plaintiff complains.").

Jan. 31, 2017, pet. denied) (mem. op.) (citing *Guevara*, 247 S.W.3d at 666; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). In such cases, "lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id*. (quoting *Morgan*, 675 S.W.2d at 733).

The Donis Parties argue that their lay testimony regarding the pain they experienced due to the accident is sufficient to support a causation finding that links the automobile accident on July 6, 2014, with their diagnosed conditions.

### 1. CARLOS, CALIXTO, AND VICTOR

The types of injuries for which Carlos, Calixto, and Victor sought compensation—*i.e.*, cervical IVD displacement, lumbar IVD displacement, thoracic IVD displacement, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, lumbar disc disorder, thoracic disc disorder, cervical radiculitis, lumbar radiculitis, thoracalgia, and lumbalgia—are neither common nor basic. *See Guevara*, 247 S.W.3d at 669–70; *Kelley*, 2017 WL 421980, at *4; *City of Laredo v. Garza*, 293 S.W.3d 625, 632–33 (Tex. App.—San Antonio 2009, no pet.) (determining that lay testimony alone was not sufficient to prove medical causation of disc herniations and radiculopathy); *see also Sanchez v. Leija*, No. -01-19-00165-CV, 2020 WL 7349094, *3 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet. h.) (mem. op.) (ligament sprain of thoracic spine and lumbar spine, back spasms, lumbar radiculopathy). As such, the claims of Carlos, Calixto, and Victor do not fall within the kinds of "basic" injuries identified in *Guevara* in which expert testimony regarding the causal connection between an occurrence and a physical condition is unnecessary. *See Guevara*, 247 S.W.3d at 667.

Carlos, Calixto, and Victor were not pulled from a damaged vehicle with "overt injuries" such as broken bones or lacerations, nor did they experience objective physical symptoms, shortly after the accident. Thus, this case is not one in which general experience and common sense enable a layperson to determine the causal relationship with reasonable probability. Carlos, Calixto, and Victor needed expert testimony to establish a causal connection between the accident and their claimed injuries. *Guevara*, 247 S.W.3d at 669–70; *Kelley*, 2017 WL 421980, at *4; *Garza*, 293 S.W.3d at 632–33; *cf. Humphrey v. AIG Life Ins. Co.*, No. 14–08–00793–CV, 2010 WL 2635643, at *5 (Tex. App.—Houston [14th Dist.] Jul. 1, 2010, pet. denied) (concluding that expert testimony was necessary to establish that disc herniations and lumbar radiculopathy were "solely and directly" caused by an on-the-job back injury).

Carlos, Calixto, and Victor argue that the uncontroverted medical records and billing affidavits provide factually and legally sufficient evidence to support the judgment. The issue is not the reasonableness or necessity of any medical expense; rather, the issue is proof of causation. *Haygood v. De Escobedo*, 365 S.W.3d 390, 397 (Tex. 2011) (Section 18.001 is "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses."). "Section 18.001 affidavits do not, however, establish the requisite causal link between the occurrence and the plaintiff's medical expenses." *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016, *aff'd*, 554 S.W.3d 645 (Tex. 2018); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995) (mere recitations of medical history are not independent opinions on causation). "[T]he bills are not evidence of what the conditions were nor that all the conditions were caused by the accident." *Guevara*, 247 S.W.3d at 669.

Additionally, to the extent Carlos, Calixto, and Victor point to Dr. Jeffrey Reuben's opinions (set forth in various letters or contained in statements within the billing records) as evidence of causation, the opinions expressed in Dr. Rueben's letters constitute no evidence upon which the trial court's judgment could be based. To constitute competent evidence of causation, a medical expert's opinion must be reliable and rest in reasonable medical probability. *Crye*, 907 S.W.2d at 500. "This rule applies whether the opinion is expressed in testimony or in a medical record, as the need to avoid opinions based on speculation and conjecture is identical in both situations." *Id*. Dr. Reuben's opinions are not competent evidence of causation because his opinions are conclusory. *See id*. An expert's bare proclamation that this one event caused another is not enough to establish causation; "the expert must go further and explain, to a reasonable degree, how and why the breach caused the injury based on the facts presented." *Jelinek v. Casas*, 328 S.W.3d 526, 539–40 (Tex. 2010). Dr. Reuben's letters do not provide the necessary link between the diagnosed injuries and the motor vehicle accident. Absent this link, Dr. Reuben's letters are unreliable speculation, which does not constitute evidence in support of the trial court's judgment. *See id.* at 532 ("When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.").

Under these circumstances, as plaintiffs, Carlos, Calixto, and Victor bore the burden to prove that their damages were proximately caused by the automobile accident. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). It is undisputed that the Donis Parties presented no expert testimony establishing that the automobile accident was a proximate cause of their diagnosed injuries (*i.e.*, cervical IVD displacement, lumbar IVD displacement, thoracic IVD

displacement, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, lumbar disc disorder, thoracic disc disorder, cervical radiculitis, lumbar radiculitis, thoracalgia, and lumbalgia). We conclude expert medical testimony was required to establish a nexus between the accident and Carlos, Calixto, and Victor's claimed injuries, and none was provided. As such, the trial court erred in granting judgment in favor of Carlos, Calixto, and Victor. Because Carlos, Calixto, and Victor did not meet their burden of proof to show causation, we have no choice but to conclude the evidence is legally insufficient.[4]

As such, we sustain Hills's first issue as it relates to Carlos, Calixto, and Victor.

### 2. SAIRA, INDIVIDUALLY AND AS NEXT FRIEND OF S.D., A MINOR

We do find, however, the evidence legally and factually sufficient as to Saira, individually and as next friend of S.D., a minor.

Saira testified that she was in the front passenger seat, wearing a seat belt, and had her "feet up" at the time of the accident. She testified that her ankle was injured in the accident and that she received treatment to address her ankle injury. Medical bills admitted into evidence in the amount of $5,960.00 included diagnoses of cervical radiculitis, lumbar radiculitis, ankle pain, ankle contusion, hip pain, muscle spasms, post-traumatic headache, numbness, and tingling. Saira's treatment (July through September 2014) included applying physical therapy, massages, and ultrasound to her ankle, as well as therapy and massages to her cervical spine.

---

[4] Because we have sustained Hills's legal sufficiency challenge as to Carlos, Calixto, and Victor, we find it unnecessary to address Hills's remaining, second issue regarding factual sufficiency. *See* Tex. R. App. P. 47 .1.

11

With respect to S.D., Saira testified that S.D. was in the back seat in a car seat at the time of the accident. She took S.D. with her to the chiropractor to be evaluated because "she was at the accident at the time, and I thought it was the right thing to do." The medical bill admitted into evidence for S.D. demonstrates she was evaluated on one occasion, July 9, 2014, treated with a cold/hot pack, and diagnosed with lumbalgia and muscle spasms. The bill is in the amount of $285.00.

While the evidence presented does not support a causal link between the accident and Saira's diagnoses for cervical radiculitis and lumbar radiculitis, her testimony is sufficient to support a proximate cause finding as to all physical conditions associated with her ankle injury. *See Guevara*, 247 S.W.3d at 666. Her description of the accident as to herself and S.D., including the temporal proximity between the accident and the injuries, is sufficient to "enable a layperson to determine the causal relationship with reasonable probability." *See Kelley*, 2017 WL 421980, at *2. Consequently, no expert testimony was needed to establish a causal connection between the accident and Saira's and S.D.'s claimed injuries. *Guevara*, 247 S.W.3d at 669–70. Thus, the awards to Saira, individually and as next friend of S.D., are supported by legally and factually sufficient evidence. We also conclude the awards are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Hills's first and second issues are overruled as they relate to Saira, individually and as next friend of S.D., a minor.

### III.   CONCLUSION

Because we conclude expert medical testimony was required to establish the diagnosed injuries of Carlos, Calixto, and Victor were caused by the automobile accident, and because they presented no such evidence, we reverse this part of the

12

trial court's judgment and render that Carlos, Calixto, and Victor take nothing from Hills.

Additionally, we conclude no medical testimony was required to establish the diagnosed injuries of Saira, individually and as next friend of S.D., a minor; thus, we affirm this part of the trial court's judgment.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell, and Poissant.

13