# NO. 12-23-00265-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 7TH* |
| *GRYPHON HOLDCO, LLC* | § | *JUDICIAL DISTRICT COURT* |
| | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gryphon Holdco, LLC, appeals from a default judgment entered against it ordering it to pay delinquent property taxes. In a single issue, Gryphon contends the evidence is legally and factually insufficient to support the default judgment. We affirm.

### BACKGROUND

In March 2018, Lindale Independent School District, Smith County, Smith County Emergency Services District #01, and Tyler Junior College (collectively Appellees) sued Enersafe Inc. and Gryphon to recover delinquent ad valorem taxes for business personal property.[1] Gryphon was served via its registered agent on November 5, 2018. Enersafe was served through the Texas Secretary of State in March 2021. Neither defendant filed an answer.

In the petition, Appellees claimed they were owed taxes for "Business Personal Property consisting of furniture, fixtures, equipment, inventory, machinery and vehicles, used in the operation of Enersafe, Inc. . . . assessed in the name of Enersafe, Inc. on the tax rolls of Lindale Independent School District, Smith County, Texas." The petition then listed the taxes owed to each entity as of the date of filing for the year 2016. It further stated: "All Defendants named in this suit either owned the property that is the subject of this suit on January 1 of the year in which

---

[1] Enersafe is not a party to this appeal.

taxes were imposed on said property, or owned or claimed an interest in or lien upon said property at the time of the filing of this suit."

In June 2023, Appellees filed a trial request form. The trial court held a short hearing on July 17, during which it granted Appellees' request for a default judgment. Gryphon then filed a motion for new trial in which it argued it was "unaware it had been sued and was not aware that an answer was required." The trial court denied the motion. Gryphon filed a motion for reconsideration, on which the trial court did not rule. This appeal followed.

## DEFAULT JUDGMENT

In its sole issue, Gryphon contends the evidence is legally and factually insufficient to support the trial court's default judgment. Specifically, it urges that there is no evidence that it owes any taxes or owns the property at issue.

In their brief, Appellees focus on the standard for reviewing the denial of a motion for new trial found in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). However, Gryphon explicitly states in its reply that it is not appealing the denial of its motion for new trial and is instead directly attacking the default judgment. To support its contention, Gryphon points to *Matter of Marriage of Williams*, 646 S.W.3d 542 (Tex. 2022).

In *Williams*, a respondent in a divorce proceeding sought to challenge the trial court's property division following a default judgment when she had not raised the issue in the trial court. *Id.* at 543-44. In a per curiam opinion, the Texas Supreme Court held that she could raise her legal sufficiency challenge for the first time on appeal. *Id.* at 544. In its analysis, the Court cited the differences between the equitable doctrine of *Craddock* and a legal sufficiency challenge:

> A motion under *Craddock* does not attempt to show an error in the judgment; rather, it seeks to excuse the defaulting party's failure to answer by showing the *Craddock* elements. In contrast, a complaint of legally or factually insufficient evidence assails the judgment, seeking to show that it is not supported by evidence presented in the trial court.

*Id.* at 545 (internal citations omitted). The Court further cited to controlling civil law allowing a default judgment damages award to be challenged:

> Our decision in *Holt Atherton Industries, Inc. v. Heine* confirms that the sufficiency of the evidence to support a default judgment can be challenged even though the challenging party is not entitled to have the default set aside under *Craddock*. 835 S.W.2d 80, 83-84 (Tex. 1992). There,

2

we held that the trial court had not abused its discretion by denying a motion for new trial because it could have concluded from the evidence that the ***Craddock*** elements were not met. ***Id.*** at 83. But we went on to hold that there was legally insufficient evidence to support the unliquidated damages awarded in the default judgment. ***Id.*** at 85-86. And we explained that "when an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." ***Id.*** at 86.

***Id.*** at 545 (emphasis in original). Importantly, the Court cited crucial differences between a divorce proceeding and a regular civil case, such as the case at hand:

> Although defaults and sufficiency challenges operate somewhat differently in the divorce context, there is similarly no reason in that context to require a ***Craddock*** motion as a prerequisite to a sufficiency challenge. In a suit for divorce, the pleadings are not deemed admitted by the defendant's failure to appear, so the plaintiff must present sufficient evidence to support the material allegations in the petition. In addition, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but they are relevant factors in determining whether the trial court abused its discretion.

***Id.*** (internal citations omitted).

We disagree with Gryphon that ***Williams*** stands for the proposition that the entirety of the default judgment can be challenged on appeal. The Texas Supreme Court used the current law from ***Heine*** and applied it to a divorce case. ***Id.*** It did not upend established law regarding default judgments. That the Court specifically distinguished divorce proceedings from general default proceedings further negates Gryphon's position.

When a default judgment is taken against the defendant, all allegations of material fact set forth in the petition are deemed admitted except the amount of unliquidated damages, and the default judgment conclusively establishes the defendant's liability. ***Metro A, LLC v. Polley***, No. 02-09-00025-CV, 2011 WL 4413233, at *5 (Tex. App.—Fort Worth Sept. 22, 2011, pet. denied) (mem. op.); *see* ***Heine***, 835 S.W.2d at 83; ***Morgan v. Compugraphic Corp.***, 675 S.W.2d 729, 731 (Tex. 1984). To determine unliquidated damages, the trial court must hear evidence regarding damages. Tex. R. Civ. P. 243.

By failing to answer, Gryphon admitted the factual allegations in Appellees' petition and its liability for the event sued upon, i.e., delinquent taxes. Therefore, Appellees were not required to present evidence of Gryphon's liability. *See* ***Polley***, 2011 WL 4413233, at *5; *see also* ***Heine***, 835 S.W.2d at 83; ***Morgan***, 675 S.W.2d at 731. And Gryphon does not argue the

damages award is either unliquidated or unsupported by evidence.[2]  *See* TEX. R. APP. P. 38.1 (i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  Therefore, we overrule Gryphon's sole issue.

## DISPOSITION

Having overruled Gryphon's sole issue, we ***affirm*** the trial court's judgment.  All pending motions are ***overruled as moot***.


**GREG NEELEY**
Justice

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Appellees filed certified copies of tax records with the trial court prior to the hearing on the default judgment.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-23-00265-CV**

### EX PARTE: GRYPHON HOLDCO, LLC

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 25,806-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **Gryphon Holdco, LLC**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*