ACCEPTED
12-15-00244-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/23/2015 11:28:20 PM
Pam Estes
CLERK

## NO.  12-15-00244-CV

## IN THE TWELFTH COURT OF APPEALS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/23/2015 11:28:20 PM

PAM ESTES
Clerk

## LARRY LOTT D/B/A LARRY LOTT INTERIORS,

*Appellant,*

## V.

## CHALEY MCCAIN,

*Appellee.*

## ON APPEAL FROM THE 7TH JUDICIAL DISTRICT COURT

## SMITH COUNTY, TEXAS

## TRIAL COURT CAUSE NO. 15-0053-C

## FIRST AMENDED BRIEF OF APPELLANT

**Respectfully submitted,**

**s/Amy D. Long**
Amy D. Long
TBN: 24036984
100 E. Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641
888-407-7724 fax
amy@amydlong.com

## ORAL ARGUMENT REQUESTED

# IDENTITY OF THE PARTIES & COUNSEL

Appellant:  Larry Lott d/b/a Larry Lott Interiors

Counsel:  At trial and on appeal:
Amy D. Long
TBN: 24036984
100 E. Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641
888-407-7724 fax
amy@amydlong.com


Appellee:  Chaley McCain

Counsel:  At trial and on appeal:
Vance L. Metcalf
TBN: 24037102
Kent, Good & Anderson, PC
Woodgate I, Suite 200
1121 ESE Loop 323
Tyler, Texas 75701
903-579-7500
903-581-3701 fax
vmetcalf@tyler.net

**TABLE OF CONTENTS**

**Page**

IDENTITY OF PARTIES AND COUNSEL ................................................................. i

INDEX OF AUTHORITIES ................................................................................... iii

STATEMENT OF THE CASE ............................................................................... iv

ISSUES PRESENTED ........................................................................................... iv

**Issue 1:**    Was the "death penalty sanction" - striking Defendant's Original Answer--An abuse of discretion where Plaintiff presented no evidence to overcome Defendant's assertion of Trade Secret Privilege and the trial court failed to conduct the requisite inquiry?............................1

**Issue 2:**    Did the Court err in denying Defendant's Motion for New Trial?...4

**Issue 3:**    Did the Court abuse its discretion in granting a default judgment for "liquidated damages" of $242,050.82 against Defendant when no evidence supported the amount of Judgment, and no hearing was held on the amount of damages?...............................................6

SUMMARY OF THE ARGUMENT……………………………………………………..v

STATEMENT OF FACTS……………………………………………………………..vi

STATEMENT REGARDING ORAL ARGUMENT…………………………………vii

ARGUMENT AND AUTHORITIES ...................................................................... 1

PRAYER FOR RELIEF ......................................................................................... 6

APPENDIX ............................................................................................................ 9

# INDEX OF AUTHORITIES

**Cases**                                               **Page**

Cire v. Cummings, 134 S.W.3d 835 (Tex. 2004). — 1

Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939). — 4

In re Bass, 113 S.W.3d 735 (Tex. 2003). — 3

In re Bridgestone/Firestone, Inc., 106 S.W.3d 730, 732 (Tex. 2003) — 3

In re Continental Gen. Tire, 979 S.W.2d 609 (Tex. 1998) — 3

In re Union Pac. R.R., 294 S.W.3d 589, 591, 592 (Tex. 2009) — 4

Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex.1984) — 6

Spohn Hospital v. Mayer, 104 S.W.3d 878 (Tex. 2003) — 1,2,3

TransAmerican Natural Gas Corp. v. Powell, 811 S.W. 2d 913 (Tex. 1991) — 1,2

Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 664 (Tex.2005) — 5

**Statutes/Rules**

Tex. R. Civ. P. 215(b) — 1
Tex. R. Civ. P. 241 — 6
Tex. R. Civ. P. 243 — 6
Tex. R. Evid. 507 — 4

**STATEMENT OF THE CASE**

This appeal arises as a result of an entry of default judgment against Larry Lott d/b/a Larry Lott Interiors ("Lott"). Chaley McCain ("McCain") filed suit against Lott for alleged breach of an oral contract. CR. 2. On June 26, 2015 the trial court determined Lott had willfully failed to comply with court-ordered discovery, struck Defendant's original answer, and entered default judgment against Lott. The order entered granted McCain "liquidated damages" of $242, 050.82, interest of $5,748.71, attorney's fees in the amount of $2,500, and post-judgment interest at 5.0% per annum. CR. 64. It is from this order Appellant appeals.

**ISSUES PRESENTED**

**Issue 1:** Was the "death penalty sanction" - striking Defendant's Original Answer--An abuse of discretion where Plaintiff presented no evidence to overcome Defendant's assertion of Trade Secret Privilege and the trial court failed to conduct the requisite inquiry?

**Issue 2:** Did the Court err in denying Defendant's Motion for New Trial?

**Issue 3:** Did the Court abuse its discretion in granting a default judgment for "liquidated damages" of $242,050.82 against Defendant when no evidence supported the amount of Judgment, and no hearing was held on the amount of damages?

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion when it struck Lott's pleadings as a discovery sanction when the Court did not conduct the requisite analysis after Lott asserted trade secret privilege in response to requested documents. The sanction imposed by the trial court was not just. There was no nexus between the conduct and the offender. The death penalty sanction in this case was issued without a hearing and resulted in denial of a fair trial for Lott without any evidence of his wrong-doing. This is especially true where Lott asserted a discovery privilege which was not met with a showing of necessity by McCain.

The trial court also violated Texas Rules of Civil Procedure and well-established case law by awarding "liquidated" damages which were not supported by a written instrument and where no evidence was produced regarding the amount of damages. The trial court never conducted a hearing on damages.

Finally the trial court erred in denying Lott's motion for new trial when Lott showed the failure to appear was not intentional or the result of conscious indifference, that he had a meritorious defense and where no prejudice to McCain would result in the granting of a new trial.

For these reasons, this case should be remanded to the trial court for a new trial on liability and damages.

## STATEMENT OF FACTS

Larry Lott is an individual doing business as Larry Lott Interiors ("Lott"). McCain is a licensed Texas realtor ("McCain"). McCain alleges that in 2013 she and Lott entered into an agreement where Lott agreed to pay McCain 10% of the net amount billed to a client for a furnishing and renovation project. CR. 2. On January 8, 2015, McCain, filed a Plaintiff's Original Petition in the 241st Judicial District Court of Smith County, Texas against Lott for breach of an oral contract. CR 1. Attached as Exhibit "A" to Plaintiff's Original Petition was "Plaintiff's Chaley McCain's Request for Admissions, Requests for Production and First Set of Interrogatories to Defendant Larry S. Lott D/B/A/ Larry Lott Interiors". CR 6-9.

Citation was returned served on that same day. CR 13. Defendant, Lott, filed an Original Answer, Special Exceptions and Request for Disclosure on January 30, 2015. CR 16. In addition, Lott requested and paid for a jury trial. Supp.CR. 4.

On February 26, 2015 Lott served upon McCain Defendant's Answers to First Set of Interrogatories (CR 29) and Defendant's Answers to Request for Production (CR 32). Defendant Lott also served upon McCain Defendant's Response to Request for Admissions which were not filed by Plaintiff. A true and correct copy of the email transmission from counsel for Lott to counsel for Plaintiff with attached discovery responses is under Appendix "A". Plaintiff did not file the documents in their entirety with the trial court therefore Appellant includes them to aid the Court

in Appendix "A".

After receipt of Lott's responses and prior to the transfer, on March 19, 2015, McCain filed Plaintiff Chaley McCain's Motion to Compel and Motion for Sanctions. CR 23-32. Said motion complained of Lott's Answers to Interrogatories numbers 2 and 3 and Answers to Request for Production numbers 1, 2 and 3. CR 23-25. Plaintiff filed a First Amended Motion to Compel and for Sanctions on May 12, 2015. CR. 46.

Without hearing, the Hon. Judge Kerry L. Russell signed an Order Granting Plaintiff's First Amended Motion to Compel and Motion for Sanctions on May 12. 2015. CR. 46. On May 27, 2015 McCain filed Plaintiff Chaley McCain's Motion for Contempt and for Default Judgment. CR. 57. The Hon. Judge Kerry L. Russell signed an Order Granting Plaintiff's Motion for Contempt and Motion for Default Judgment on June 26 2015. CR. 64.

## STATEMENT OF ORAL ARGUMENT

This appeal raises significant issues related to the justness of "death penalty" discovery sanctions imposed when a court fails to properly analyze or apply the law where a trade secret privilege was asserted and not properly challenged. *See Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992); *TransAmerican Natural Gas Corp. v. Powell*, 811 SW.2d 913 (Tex. 1991); Tex. R. Civ. P. 215(b); T. R. Civ. P. 507; *In re Bass*, 113 S.W.3d 735 (Tex. 2003). The appeal further presents the Court an

opportunity to review whether it is an abuse of discretion for a court to refuse a hearing on damages where there is no written instrument to support the judgment. See Tex. R. Civ. P. 241, 243; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex. 1984).

**ARGUMENT**

I.  **Was the "death penalty sanction" - striking Defendant's Original Answer--An abuse of discretion where Plaintiff presented no evidence to overcome Defendant's assertion of Trade Secret Privilege and the trial court failed to conduct the requisite inquiry?**

A trial court's sanctions order under Texas Rule of Civil Procedure 215.2(b) is reviewed for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, 'but whether the court acted without reference to any guiding rules or legal principles'." *Cire*, 134 S.W.3d at 838-839 (*quoting Downer v. Aquamarine Operators, Inc.*, 701 S.W. 2d 238, 241 (Tex. 1985). The trial court's discretion in imposing sanctions is limited by due process, the Rules of Civil Procedure, and *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W. 2d 913 (Tex. 1991).

Death penalty sanctions must be reserved for exceptional circumstances where a party has so abused the rules of procedure, that despite imposition of lesser sanctions, the party's argument is presumed to lack merit. *TransAmerican*, 811 S.W.2d at 918. A trial court may not impose sanctions that are more severe than necessary to satisfy legitimate purposes. *Cire*, 134 S.W.3d at 839 *citing Hammill v. Level*, 917 S.W. 2d 15, 16 (Tex. 1996). Further, Rule 215.2(b) explicitly requires that any sanction under this rule be "just." Tex.R.Civ.P. 215.2(b). The supreme court, in *Spohn Hosp. v. Mayer*, 104 S.W.3d 878 (Tex. 2003) explained the

1

required analysis a court must conduct in imposing sanctions.

> *TransAmerican* set out a two-part test for determining whether a particular sanction is just. First, there must be a direct nexus among the offensive conduct, the offender, and the sanction imposed. *See TransAmerican*, 811 S.W.2d at 917. A just sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction should be visited upon the offender. *Id.* The trial court must attempt to determine whether the offensive conduct is attributable to counsel only, to the party, or to both. *Id.* Second, just sanctions must not be excessive. *Id.* In other words, a sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *Id; Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992).

*Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex. 2003).

The trial court must consider less stringent sanctions and whether such lesser sanctions will fully promote compliance, deterrence, and discourage any further discovery abuse. *Spohn Hospital*, 104 S.W.3d at 882 *citing TransAmerican*, 811 S.W.2d at 917. Discovery sanctions that are so severe as to inhibit presentation of the merits of the case are considered to be exceptional, and reserved only in instances where the court finds the party's actions were flagrant, in bad faith, or as a result of counsel's callous disregard for the rules of discovery. *Spohn Hospital*, 104 S.W.3d at 883 (*citing TransAmerican*, 811 S.W.2d at .918).

The trial court's final order prevented Lott from presenting the merits of the case by striking his answer at McCain's request. The record indicates the trial court failed

2

to comply with procedural and substantive requirements to address whether the imposition of any lesser sanctions would have been effective. In addition, the court did not identify whether the conduct was attributable to Lott, to Lott's counsel, or both. Instead, the court arbitrarily granted McCain's Motion for Contempt, struck Lott's Answer, and entered default judgment. The trial court's decision does not indicate that its decision considered any possible lesser sanctions, and whether the evidence warrants an exceptional circumstance to justify severe sanctions as required by *Spohn*.

Further, by properly asserting trade-secret privilege in his original discovery responses, Lott presented a meritorious defense to McCain's claims. The burden then shifted to McCain to present reasonable necessity of the information withheld. Texas Rule of Evidence 507 provides that party has a privilege to refuse to disclose a trade secret to opposing parties, unless nondisclosure will tend to conceal fraud or otherwise work injustice. The party asserting trade secret privilege must establish the information withheld qualifies as a trade secret by affidavit or otherwise. *Id.*

The party seeking discovery must then show how the information it seeks will assist in preparation of the case and how the lack of such information will impair the case's presentation. *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 732 (Tex. 2003). After hearing any evidence as to a party's necessity to such privileged information, the court must then balance the need for discovery against the need for

nondisclosure. *In re Cont'l Gen. Tire*, 979 S.W.2d 609, 615 (Tex. 1998).

> [W]hen trade secret privilege is asserted as the basis for resisting production, the trial court must determine [(1)] whether the requested production constitutes a trade secret; [(2)] if so, the court must require the party seeking production to show reasonable necessity for the requested materials*." In re Bass,* 113 S.W.3d 735, 738 (Tex.2003). **If the information is a trade secret and the requesting parties do not need it, an order that requires disclosure is a clear abuse of discretion***. Id. at 745.In re Union Pac. R.R.,* 294 S.W.3d 589, 591, 592 (Tex. 2009)(orig. proceeding)(per curium).

If any evidence is deemed admissible, the court must take any protective measure required by the interests of the privilege holder and the parties and to further justice. Tex. R. Evid. 507(c). In the trial court, Lott properly asserted trade privilege in his affidavit, which was attached to his discovery responses. Appendix A. The only remedy under these circumstances, in furtherance of justice and fairness, would be for this Court to remand the matter for new trial.

## II. Did the Court err when it denied Lott's Motion for New Trial?

A trial court abuses its discretion in denying a motion for new trial if the movant satisfies the three elements set forth in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939). In *Craddock*, the movant must demonstrate (1) the party's failure to appear was not intentional or the result of conscious indifference; (2) the motion for new trial sets forth a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Id.*

In the matter before this Court, it is clear Lott met all three requirements under *Craddock*. Lott's failure to respond or appear was neither intentional nor as a result of conscious indifference. Lott's motion provides "[this motion is as a result of] the undersigned attorney's calendar and email system and network system, [sic]… [and] counsel did not receive notice and missed the deadline." CR 66. Lott presented a meritorious defense to McCain's original claim: 1) no evidence had been submitted to the court by McCain; and 2), the lack of such evidence demonstrates no contract existed between the parties. The court's record reflects Lott filed his motion for new trial when the granting thereof would not otherwise delay or otherwise injure McCain. The original default judgment was entered on June 26, 2015, and Lott filed his subsequent motion for new trial on July 24, 2015. Given the time between entry of judgment and Lott's motion for new trial was less than a period of 30 days, Lott respectfully asserts no injury or delay would result to McCain.

**III. Did the trial court abuse its discretion by entering an order consisting of liquidated damages without holding a separate hearing, despite the requirements of Tex. R. Civ. P. 241 and 243?**

McCain admits in her original petition there was no written instrument to memorialize their agreement. CR. 2. It is well-settled in the common law as well as case-law that "[l]iquidated damages" ordinarily refers to an acceptable measure of damages that parties stipulate in advance will be awarded to the non-breaching in the event of a breach. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 664

5

(Tex.2005). McCain's original complaint and basis for her suit is based upon an oral contract between the parties.

Rule 243 expressly provides for the trial court's discretion in awarding such liquidated damages when evidence demonstrates damages are "*proved by an instrument in writing*." Id. [*emphasis added*]. Further, Rule 241 of the Texas Rules of Civil Procedure provide

> When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and *proved by an instrument in writing*, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury. (*emphasis added*)

*Id.*

Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). A court rendering a default judgment must hear evidence of unliquidated damages. Tex.R. Civ. P. 243. The trial court, in this case, failed to hold a hearing to determine the amount of damages. As such, the trial court abused its discretion.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Appellant Larry S. Lott, d/b/a, Larry Lott Interiors, prays this Honorable Court reverse and remand the trial court's order with instructions, and that Appellant Lott be granted such other and further relief, either at law or in equity, to which he shows just entitlement.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was delivered via email and by certified mail return receipt requested, to the following attorney on this the 23rd day of December 2015.

Vance L. Metcalf
Kent, Good & Anderson, PC
Woodgate I, Suite 200
1121 ESE Loop 323
Tyler, Texas 75701
903-579-7500
903-581-3701 fax
vmetcalf@tyler.net

**s/Amy D. Long**
Amy D. Long
TBN:  24036984
100 E. Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641
888-407-7724 fax
amy@amydlong.com

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this First Amended Brief of Appellant contains 2,686 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

**s/Amy D. Long**
TBN: 24036984
**100 East Ferguson, Suite 610**
Tyler, Texas 75702
903-592-1641
888-407-7724 Fax
amy@amydlong.com

**APPENDIX**

**<u>TAB</u>**

A.                Defendant, Lott's, Discovery Responses with email and fax transmission.