**Reversed and Rendered and Memorandum Opinion filed January 14, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00566-CV

## EBONI IVORY HILLS, Appellant

## V.

## CARLOS DONIS, ET AL., Appellees

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2016-38471**

## MEMORANDUM OPINION

This is a personal injury case arising from an automobile accident. On appeal, Eboni Ivory Hills challenges the trial court's judgment in favor of appellees Carlos Donis, Calixto Donis, Victor Matamoros, and Saira Castellanos, both in her individual capacity and as next friend of S.D., a minor[1] (collectively the "Donis Parties"). Hills asserts the Donis Parties failed to present legally and factually

---

[1] Initials are used for the privacy protection of a minor. *See* Tex. R. App. P. 9.9(a)(3).

sufficient evidence to support their negligence claims. Because we conclude expert medical testimony was required to establish the Donis Parties' diagnosed injuries were caused by the automobile accident, and because the Donis Parties presented no such evidence, we reverse and render.

## I. Background

On July 6, 2014, Carlos Donis was driving his car south on I-45, in Houston, Texas, around 4:00 p.m. It was raining and the freeway was congested with traffic. Calixto Donis, Victor Matamoros, Saira Castellanos, and S.D. were passengers in Carlos's car. Richard Morehouse was driving his vehicle behind Carlos's vehicle. There was standing water on the highway, which caused Carlos to slow down or stop.

Hills was entering I-45 behind a vehicle that blocked her view of Carlos's and Morehouse's vehicles. According to her testimony, a vehicle in front of Hills "jolt[ed] into traffic," and Hills applied her brakes, but did not have enough time to stop before hitting the back-right-side of Morehouse's car, and then ricocheting into the back of Carlos's vehicle.

Hills's car was totaled. Morehouse's vehicle sustained substantial damage, but there was minimal damage to the rear of Carlos's vehicle. No airbags deployed in any of the vehicles.

After the accident, none of the parties involved requested or left in an ambulance. No one went to the emergency room. No one was bleeding, had bruises, scrapes, cuts, or broken bones. Carlos drove his car home with all passengers.

On June 7, 2016, the Donis Parties filed this negligence suit, seeking damages for physical pain, mental anguish, medical expenses, loss of earnings, and

2

loss of enjoyment of life. On May 17, 2018, the case was called to trial. The parties waived their right to a jury trial. The trial court heard testimony from several witnesses, including Hills, Morehouse, and all the Donis Parties.

Morehouse testified the impact jolted him around in the car and he felt immediate head and neck pain. He did not follow-up with any healthcare provider because the pain went away after about a day or two. He stated he did not have any long-term injuries.

The Donis Parties maintain that the accident caused substantial soft tissue injuries to each occupant of the vehicle. Each of the Donis Parties testified at trial.

*Carlos*

Carlos testified that he suffered pain because of the accident, stating "It's difficult for me to —to move around to the right or to the left." Medical bills admitted into evidence in the amount of $48,906.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical intervertebral disc ("IVD") displacement without myelopathy, lumbar IVD displacement without myelopathy, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, and lumbar disc disorder.

*Calixto*

Calixto testified he was injured in the accident in his lower back and part of his neck. Medical bills admitted into evidence in the amount of $48,676.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement without myelopathy, lumbar IVD displacement without myelopathy, thoracic IVD displacement without myelopathy, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, and thoracic disc disorder.

3

*Victor*

Victor testified that he had injuries after the accident and that he cannot muster strength to lift things that weigh 50 or 60 pounds. Medical bills admitted into evidence in the amount of $41,633.00 included diagnoses of cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement without myelopathy, lumbar IVD displacement without myelopathy, cervical discogenic pain, lumbar discogenic pain, cervical disc disorder and lumbar disc disorder.

*Saira*

Saira testified that she had pain in her left ankle after the accident and cannot go out for walks or wear shoes with high heels. Medical bills admitted into evidence in the amount of $5,960.00 included diagnoses of cervical radiculitis, and lumbar radiculitis.

*Saira As Next Friend of S.D.*

Saira testified that S.D. did not complain of pain. Medical bills admitted into evidence in the amount of $285.00 included diagnoses of lumbalgia and muscle spasms.

*Damages Sought at Trial*

At trial, the Donis Parties did not seek damages for lost wages, mental anguish, or pain and suffering. They only requested reimbursement of their medical bills in the approximate amount of $248,000.00.

On May 18, 2018, the trial court issued a Final Judgment in favor of the Donis Parties. The trial court awarded each party past medical expenses as follows:

Carlos Donis - $48,906.00
Calixto Donis — $48,676.00
Victor Matamoros — $41,633.00

4

Saira Castellanos, individually — $5,960.00

Saira Castellanos, as next friend of S.D. — $285.00

The total award for past medical expenses for all parties was $145,460.00.

Also, on May 18, 2018, the trial court filed Findings of Fact and Conclusions of Law.[2] Hills filed a motion for new trial, which was denied. This appeal timely followed.

## II.    Analysis

In two issues, Hills attacks the judgment because appellees failed to present any legally or factually sufficient expert testimony demonstrating that the July 6, 2014 automobile accident proximately caused the soft tissue injuries about which the Donis Parties complain.

### A.    Standard of Review

In a nonjury trial, findings of fact have the same force and dignity as a jury's verdict. *Green v. Alford*, 274 S.W.3d 5, 23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a complete reporter's record is filed, as here, we may review the trial court's findings of fact for legal and factual sufficiency under the same standards we apply to jury verdicts. *See id.* (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam)).

In conducting a sufficiency review, we consider the evidence in the light most favorable to the challenged findings and indulge every reasonable inference that supports the findings. *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 765 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The evidence is

---

[2] The record, however, contains only the second page of the trial court's Findings of Fact and Conclusions of Law. The Donis Parties filed a Motion to Correct Clerical Error by Judgment Nunc Pro Tunc on April 22, 2019, which was denied by the trial court. Appellees attached to their appellate brief, as an exhibit, the alleged missing page. This page, however, is not part of the appellate record and, as such, is not properly before us for consideration.

legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id*. We credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id*. When appellant attacks a finding on an issue on which she did not have the burden of proof, appellant must demonstrate that no evidence supports the adverse finding. *Id*. Evidence is legally insufficient to support a finding when (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*.

In reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor and contrary to the challenged findings. *Chenevert*, 557 S.W.3d at 765. We may set aside the verdict for factually insufficient evidence only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. The party asserting that the evidence is factually insufficient must establish that the finding is against the great weight and preponderance of the evidence. *Id*. In assessing the evidence, we do not act as factfinder in that we may not pass on the credibility of the witnesses or substitute our judgment for that of the factfinder. *Id*. Instead, the trial court, as the trier of fact in this case, is the "sole judge of the credibility of the witnesses and the weight to afford their testimony." *Id*.

## B.    Evidence of Causation

Establishing causation in a personal injury case requires a plaintiff to "prove that the conduct of the defendant caused an event and that this event caused the

plaintiff to suffer compensable injuries."[3]  *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).  Thus, "when an accident victim seeks to recover medical expenses, she must show both 'what all the conditions were' that generated the expenses and 'that all the conditions were caused by the accident.'" *Id.* (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex. 2007)).

Expert testimony is generally necessary to establish causation of medical conditions that are "outside the common knowledge and experience of jurors."  *See Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007).  In limited cases, however, lay testimony may support a causation finding that links an event with a person's physical condition.  *Id.* at 666.  "This exception applies only in those cases in which general experience and common sense enable a layperson to determine the causal relationship with reasonable probability." *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (citing *Guevara*, 247 S.W.3d at 666; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). In such cases, "lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation."  *Id.* (quoting *Morgan*, 675 S.W.2d at 733).

The Donis Parties argue that their lay testimony regarding the pain they experienced due to the accident is sufficient to support a causation finding that links the automobile accident on July 6, 2014, with their diagnosed conditions. This case does not fall within the kinds of "basic" injuries identified in *Guevara* in

---

[3] *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 684 (Tex. App.—Dallas 2000, no pet.) (In a typical negligence case, "the plaintiff must establish two causal nexuses: (1) between the defendant's negligent act and the occurrence; and (2) between the occurrence and the injuries of which the plaintiff complains.").

which expert testimony regarding the causal connection between an occurrence and a physical condition is unnecessary. 247 S.W.3d at 667. The Donis Parties were not pulled from a damaged vehicle with "overt injuries" such as broken bones or lacerations, nor did they experience objective physical symptoms, such as crumbling teeth, shortly after the accident.

Rather, the types of injuries for which the Donis Parties sought compensation—*i.e.*, cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement, lumbar IVD Displacement, thoracic IVD displacement, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, lumbar disc disorder, thoracic disc disorder, and lumbalgia—are neither common nor basic. *See Guevara*, 247 S.W.3d at 669–70; *Kelley*, 2017 WL 421980, at *4; *City of Laredo v. Garza*, 293 S.W.3d 625, 632–33 (Tex. App.—San Antonio 2009, no pet.) (determining that lay testimony alone was not sufficient to prove medical causation of disc herniations and radiculopathy). Thus, this case is not one in which general experience and common sense enable a layperson to determine the causal relationship with reasonable probability. The Donis Parties needed expert testimony to establish a causal connection between the accident and their claimed injuries. *Guevara*, 247 S.W.3d at 669–70; *Kelley*, 2017 WL 421980, at *4; *Garza*, 293 S.W.3d at 632–33; *cf. Humphrey v. AIG Life Ins. Co.*, No. 14–08–00793–CV, 2010 WL 2635643, at *5 (Tex. App.—Houston [14th Dist.] Jul. 1, 2010, pet. denied) (concluding that expert testimony was necessary to establish that disc herniations and lumbar radiculopathy were "solely and directly" caused by an on-the-job back injury).

Next, the Donis Parties argue that the uncontroverted medical records and billing affidavits provide factually and legally sufficient evidence to support the judgment. The issue is not the reasonableness or necessity of any medical

8

expense; rather, the issue is whether the medical expenses incurred were proximately caused by the automobile accident. *Haygood v. De Escobedo*, 365 S.W.3d 390, 397 (Tex. 2011) (Section 18.001 is "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses."). "Section 18.001 affidavits do not, however, establish the requisite causal link between the occurrence and the plaintiff's medical expenses." *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016, *aff'd*, 554 S.W.3d 645 (Tex. 2018); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995) (mere recitations of medical history are not independent opinions on causation). "[T]he bills are not evidence of what the conditions were nor that all the conditions were caused by the accident." *Guevara*, 247 S.W.3d at 669.

To the extent the Donis Parties point to Dr. Jeffrey Reuben's opinions (set forth in various letters or contained in statements within the billing records) as evidence of causation, the opinions expressed in Dr. Rueben's letters constitute no evidence upon which the trial court's judgment could be based. To constitute competent evidence of causation, a medical expert's opinion must be reliable and rest in reasonable medical probability. *Crye*, 907 S.W.2d at 500. "This rule applies whether the opinion is expressed in testimony or in a medical record, as the need to avoid opinions based on speculation and conjecture is identical in both situations." *Id*. Dr. Reuben's opinions are not competent evidence of causation because his opinions are conclusory. An expert's bare proclamation that this one event caused another is not enough to establish causation; "the expert must go further and explain, to a reasonable degree, how and why the breach caused the injury based on the facts presented." *Jelinek v. Casas*, 328 S.W.3d 526, 539–40 (Tex. 2010). Dr. Reuben's letters do not provide any data or facts from which Dr.

9

Reuben could have formed an opinion that the diagnosed injuries were caused by a motor vehicle accident. Absent such facts, Dr. Reuben's letters are unreliable speculation, which we conclude does not constitute evidence in support of the trial court's judgment. *See id.* at 532 ("When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.").

As plaintiffs, the Donis Parties bore the burden to prove that their damages were proximately caused by the automobile accident. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). It is undisputed that the Donis Parties presented no expert testimony establishing that the automobile accident was a proximate cause of their diagnosed injuries (*i.e.*, cervical radiculitis, lumbar radiculitis, thoracalgia, cervical IVD displacement, lumbar IVD Displacement, thoracic IVD displacement, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, lumbar disc disorder, thoracic disc disorder, and lumbalgia). We conclude expert medical testimony was required to establish a nexus between the accident and the Donis Parties' claimed injuries, and none was provided. As such, the trial court erred in granting judgment in their favor.

Accordingly, because the Donis Parties did not meet their burden of proof to show causation, we have no choice but to conclude the evidence is legally insufficient. Hills's first issue is sustained.[4]

---

[4] Because we have sustained Hills's legal sufficiency challenge, we find it unnecessary to address Hills's remaining issue. *See* Tex. R. App. P. 47 .1.

10

### III.    Conclusion

We reverse the trial court's judgment and we render the following judgment: the Donis Parties take nothing on their claims against Hills.


/s/     Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell, and Poissant.

11