**Reversed and Rendered in part, Remanded in part and Affirmed in part**
**Opinion Filed November 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00303-CV

**AMANDA  MCGEE, Appellant**
**V.**
**LADONNA  TATUM, Appellee**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-44542**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Myers

Amanda McGee appeals the trial court's judgment that she is liable for

Ladonna Tatum's damages from an automobile accident.[1]  McGee brings one issue

on appeal contending the evidence is legally and factually insufficient to support the

jury's verdict that Tatum's injuries were caused by the automobile accident.  We

reverse the trial court's judgment in part and render judgment that Tatum take

---

[1] This appeal originated in the Houston First District Court of Appeals and was transferred to this Court by order of the Supreme Court of Texas.  We decide the case in accordance with the precedent of the Houston First District Court if its precedent is inconsistent with our precedent.  *See* TEX. R. APP. P. 41.3.

nothing on her claim for medical expenses, and we affirm the award of damages for past and future pain and suffering and past and future physical impairment. We remand the cause for redetermination of prejudgment interest.

## BACKGROUND

Tatum was involved in an automobile accident with McGee. Tatum sued McGee alleging McGee was negligent. The case proceeded to a jury trial. The parties presented the following evidence at the trial.

On August 24, 2015, Tatum was driving her vehicle on a Houston freeway when the traffic in front of her stopped. Tatum was applying the brakes to stop when the vehicle behind her, driven by McGee, collided with the rear of Tatum's vehicle. Tatum said the accident "mangled the back of my car and the side of my passenger door." The airbag did not deploy, but Tatum's head hit the windshield, her knee hit something inside the car, and she scratched her elbow. Immediately after the accident, Tatum had a knot on her forehead, a bruise on her right knee, and a scratch on her elbow. She did not have those injuries before the accident. A police officer arrived at the scene and asked Tatum if she was okay; she told the officer she was, and she declined to be taken by ambulance to the hospital. She testified, "I was in shock. I didn't want to go to the . . . hospital. I was just trying to figure out what was going on." Tatum's car was not drivable, and her husband picked her up and took her home.

When Tatum got home, she had a headache and pain in her lower back. She did not immediately go to the hospital. Instead, she rested and took pain medication. The medication did not take away the pain. Tatum was unable to go to her job as a vocational nurse at the Harris County Sheriff's Department.

On August 28, four days after accident, Tatum's pain was so severe that she was crying, and her husband took her to Katy Emergency Center. She told the medical staff she had mid-to-lower back pain that happened during the August 24 accident. She did not complain of her knee. The medical staff administered morphine. The doctor examined her back and did a CT scan. Tatum testified that the doctor said she had herniated disks in her back. The doctor prescribed a muscle relaxant, Tylenol with codeine, and physical therapy. The records from the emergency center stated the doctor's "Impression" as including: "Mild DDD throughout the L-spine with associated mild neuroforaminal narrowing, esp. at the L4-5 level. Mild disc height reduction is noted at the L5-S1 level. Mild central canal stenosis noted throughout the mid and lower L-spine levels."

For physical therapy, Tatum went to Advanced Medical & Rehab Center on September 3, 2015, ten days after the accident. Tatum complained of pain and weakness in her right leg and numbness and weakness in her right hand. The therapists evaluated Tatum and told her she had trauma to her back and spasms in her neck and back. She received therapy two or three days per week from September 3, 2015, to the end of February 2016. Tatum testified the therapy "helped a little

bit." The records from Advanced Medical & Rehab Center state the doctor's "Impression" was: "1) traumatic cervical strain[,] 2) cervical neuritis[,] 3) Traumatic lumbar strain[,] 4) Lumbar neuritis[,] 5) Cervicogenic cephalgia."

Tatum went to a pain alleviation clinic in January 2016. The personnel there examined Tatum and the CT from the hospital and told her she had problems with her lower back and some nerve issues. The records from the clinic show the doctor's "Assessment" was "Small sized diffuse disc bulge with additional central posterior disc bulge at the L5-S1 level. There is associated mild central canal stenosis. There is slight narrowing to the L5-S1 neuroforamina." At the clinic's recommendation, Tatum received an epidural steroid injection in her back to help alleviate the pain.

In June 2017, Tatum was still having pain in her back and neck, and she went to a chiropractor. Tatum said the chiropractor's care "helped a little bit." The chiropractor's diagnosis included intervertebral disc disorders with radiculopathy, lumbar region, thoracalgia, and cervicalgia. The medical records for each chiropractic treatment include the doctor's "Assessment," which all stated, "In my clinical opinion, the patient is feeling approximately the same after today's treatment." The records for the December 29, 2017 treatment state, "Plan of Action: Mrs. Tatum is in severe pain therefore we are requesting a Lumbar MRI." The records for the next treatment on February 6, 2018, stated: "Assessment: Disc Herniations present in Lumbar Spine review diagnostic results. In my clinical opinion the patient is feeling approximately the same after today's treatment."

–4–

Tatum testified she had medical bills related to the accident of about $22,000. She testified there are many things she is no longer able to do that she could do before the accident. She testified she cannot perform her job duties of handing out medicine at the sheriff's office's clinic because of her lower back pain and because she drops pill bottles from her right hand. She told the jury that even though she was sitting down while testifying, "my back is burning . . . and I constantly sit to my left side because I have right-side weakness that I did not have before."

Tatum testified she had some pain from a different accident in 2008, but "[n]ot this kind of pain, no. . . . Not to this extent, no." Tatum did not tell her doctors in 2015 and later about her pain from the 2008 accident because "[t]hey were completely different types of pain." Tatum said all of her medical treatments after the 2015 treatments were due to injuries she had from the accident in this case and not from anything that happened in 2008.

During jury argument, Tatum's counsel asked the jury to award her the total amount of her medical expenses, which he said were $22,607, past and future pain and suffering of $25,000 each, past physical impairment of $25,000, and future physical impairment of $50,000.

The jury found McGee was 100 percent responsible for causing the accident. The jury awarded Tatum damages of $22,500 for past medical expenses, $8,000 for past pain and suffering, $12,000 for future pain and suffering, $8,000 for past

physical impairment, and $12,000 for future physical impairment. The trial court rendered judgment on the verdict.

## STANDARD OF REVIEW

McGee's issues on appeal contend the evidence is legally and factually insufficient to support the jury's verdict that McGee proximately caused Tatum's damages.

To preserve a challenge to the legal sufficiency of the evidence, a party must raise the complaint through a motion for directed verdict, a motion for JNOV, an objection to the submission of the question in the jury charge, a motion to disregard the jury's answer to a vital fact question, or a motion for new trial. *Sohani v. Sunesara*, 546 S.W.3d 393, 406 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Dallas Cty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 55 n.5 (Tex. App.—Dallas 2012, pet. denied). McGee argued in her motion for directed verdict that Tatum had no evidence of proximate causation of her damages because she did not present expert medical evidence. The trial court denied McGee's motion for directed verdict. Thus, McGee preserved her assertion of legal insufficiency for appellate review.

To preserve a challenge to the factual sufficiency of the evidence, a party must raise the issue in a motion for new trial. TEX. R. CIV. P. 324(b)(2); *Dallas Cent. Appraisal Dist. v. Friends of the Military*, 304 S.W.3d 556, 563 (Tex. App.—Dallas 2009, pet. denied); *J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 336 (Tex.

App.—Houston [1st Dist.] 2002, no pet.). McGee did not file a motion for new trial. Therefore, we cannot consider her complaints on appeal that the evidence was factually insufficient to support the jury's findings. *See J.M Krupar Constr. Co.*, 95 S.W.3d at 336; *see also* TEX. R. APP. P. 33.1(a). A complaint of excessive damages found by a jury is a complaint of factual insufficiency that is preserved by raising the complaint in a motion for new trial. TEX. R. CIV. P. 324(b)(4) (motion for new trial is prerequisite to raising complaint to jury finding of excessive damages); *see Anderson v. Durant*, 550 S.W.3d 605, 620 (Tex. 2018) (excessive damages is factual-sufficiency complaint). Because McGee did not preserve any factual sufficiency complaints, we cannot consider whether any award of damages is excessive. *See Lerma v. Border Demolition & Envtl., Inc.*, 459 S.W.3d 695, 706 (Tex. App.—El Paso 2015, pet. denied).

When reviewing the legal sufficiency of the evidence, we consider all the evidence before the jury, crediting evidence in support of the verdict if reasonable jurors could, and disregarding evidence contrary to the verdict unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.). If there is more than a scintilla of evidence to support the finding, the evidence is legally sufficient. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its

existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). If the evidence furnishes a reasonable basis for differing conclusions by reasonable minds as to the existence of a vital fact, then there is legally sufficient evidence, more than a scintilla, to support the fact. *Id.*

We are mindful that the jury, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819; *Hinkle v. Hinkle*, 223 S.W.3d 773, 782 (Tex. App.—Dallas 2007, no pet.). We may not substitute our judgment for the fact finder's, even if we would reach a different answer on the evidence. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998); *Hinkle*, 223 S.W.3d at 782.

## NEGLIGENCE

To prevail on her negligence claim, Tatum had to establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). In this case, McGee does not challenge the findings of a duty or a breach of duty. She challenges the jury's findings that that a preponderance of the evidence establishes she proximately caused Tatum's medical expenses, pain and suffering, and physical impairment.

In negligence cases, the plaintiff must establish two causal nexuses: (1) between the defendant's negligent act and the occurrence, and (2) between the occurrence and the plaintiff's alleged injuries. *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 684 (Tex. App.—Dallas 2000, no pet.). It is the second causal nexus that is at issue in this case.

## ANALYSIS

McGee argues the evidence is legally insufficient to support the jury's findings that the accident caused Tatum's treated medical conditions, her past and future pain and suffering, and her past and future physical impairment.

### No Evidence of Expert Testimony

We first consider whether Tatum presented any expert medical evidence that her injuries were caused by the accident. The only testifying witnesses were Tatum and McGee, and the only other evidence was the police report for the accident and Tatum's medical records. The medical records show Tatum told the medical staffs of the clinics she attended that her symptoms arose following the accident.

Tatum points to the records from Katy Emergency Center where the doctor's "Final Report" stated: "Clinical Indication: Lower back pain X three days due to MVA." However, this statement, even if it is a diagnosis purporting to link Tatum's pain to the accident, is too conclusory to constitute evidence of proximate causation. "An expert's bare proclamation that this one event caused another is not enough to establish causation; 'the expert must go further and explain, to a reasonable degree,

how and why the breach caused the injury based on the facts presented.'" *Hills v. Donis*, No. 14-18-00566-CV, 2021 WL 507306, at *5 (Tex. App.—Houston [14th Dist.] Feb. 11, 2021, pet. denied) (mem. op.) (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 539–40 (Tex. 2010)).

Tatum also cites an affidavit attached to Katy Emergency Center's medical records stating:

> I, Suzanne Cruz, at Katy Emergency Center, do hereby certify under oath the following: On or about August 28, 2015, the plaintiff, Ladonna Tatum was under our care and examination for the following injuries and/or conditions: Motor vehicle collision with severe [illegible] pain lumbar spine diagnosis sprain lumbar region. . . .

> Furthermore, based upon the medical history provided by Ladonna Tatum, the medical records and my education, professional training and experience, it is my opinion to a reasonable degree of medical certainty that the injury and/or condition that necessitated the above medical care was caused by the accident and/or incident of August 24, 2015.

Another affidavit by Suzanne Cruz states that she is the custodian of records for Katy Emergency Center. However, nothing in the record shows that Cruz is a medical professional or that she was testifying as an expert medical professional. Furthermore, Cruz's statement is nothing more that a "bare proclamation that this one event caused another and is not enough to establish causation." *Id.* Cruz's affidavit was not expert testimony that the automobile accident proximately caused the medical conditions for which Tatum received treatment.

We conclude there is no expert medical evidence in the record showing the accident proximately caused Tatum's medical conditions for which she received treatment.

**Medical Expenses**

We next consider whether the record without expert medical testimony contained any evidence that Tatum's treated medical conditions were proximately caused by the accident. The jury found Tatum had $22,500 in medical expenses caused by the accident.

"[W]hen an accident victim seeks to recover medical expenses, she must show both 'what all the conditions were' that generated the expenses and 'that all the conditions were caused by the accident.'" *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex. 2007)). "[E]xpert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Id.* (quoting *Guevara*, 247 S.W.3d at 665). "[I]f evidence presents other plausible causes of the injury or condition that could be negated, the proponent of the testimony must offer evidence excluding those causes with reasonable certainty." *Id.* (quoting *Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 218 (Tex. 2010) (internal punctuation omitted)). "When expert testimony is required, lay evidence supporting liability is legally insufficient." *City of Keller*, 168 S.W.3d at 812.

Although expert testimony is usually required to prove causation as to medical conditions, the supreme court has stated that lay testimony may be sufficient "in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007).

Thus, lay testimony may establish causation "only in those cases in which general experience and common sense enable a layperson to determine the causal relationship with reasonable probability." *See Hills*, 2021 WL 507306, at *4. Temporal proximity alone, however, is not sufficient. "Evidence of an event followed closely by manifestation of or treatment for conditions which did not appear before the event raises suspicion that the event at issue caused the conditions. But suspicion has not been and is not legally sufficient to support a finding of legal causation." *Guevara*, 247 S.W.3d at 668.

Tatum had overt injuries from the accident—a bump on her forehead, a scratch on her arm, and a bruise on her knee—but these were not the source of her medical complaints for which she sought medical care. Tatum testified she did not complain about them to any medical provider.

The medical records show diagnoses of Tatum's condition as bulging discs, a herniated disc, disc height reduction, mild DDD,[2] mild central canal stenosis, mild neuroforaminal stenosis, narrowing to the neuroforamina, traumatic cervical strain, cervical neuritis, traumatic lumbar strain, lumbar neuritis, cervicogenic cephalgia, intervertebral disc disorders with radiculopathy, thoracalgia, and cervicalgia. None of these terms are within the common knowledge and experience of jurors. Likewise, the cause of these soft-tissue back and neck injuries are medical conditions outside the common knowledge and experience of jurors. *See Hills*, 2021 WL 507306, at *4, 5 ("cervical IVD displacement, lumbar IVD displacement, thoracic IVD displacement, cervical discogenic pain, lumbar discogenic pain, disc herniation, cervical disc disorder, lumbar disc disorder, thoracic disc disorder, cervical radiculitis, lumbar radiculitis, thoracalgia, and lumbalgia—are neither common nor basic"; expert medical testimony required to prove the medical expenses were caused by a motor vehicle accident); *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *3 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (mem. op.) ("The types of injuries for which Kelley sought compensation—multiple disc herniations, cervical radiculitis, and lumbar radiculopathy—are neither common nor basic"; expert medical testimony required to prove work-related fall was cause of these injuries); *City of Laredo v. Garza*, 293

---

[2] Appellant's attorney told the jury, and states in appellant's brief, that "DDD" stands for "degenerative disc disease," but there is no evidence in the record of the abbreviation's meaning.

S.W.3d 625, 632 (Tex. App.—San Antonio 2009, no pet.) (plaintiff's complaint of back pain one week after on-the-job-accident required expert medical testimony to establish causal link to accident). Paraphrasing our statement in *State Office of Risk Management v. Adkins*, "Essentially, [Tatum] merely provided [her] medical records and expected the jury to understand them." 347 S.W.3d 394, 401 (Tex. App.— Dallas 2011, no pet.). As we stated in *Adkins*, "[w]e cannot conclude that laypersons have the knowledge to understand the intricacies involved in diagnosing a back injury without some guidance from a medical expert." *Id.* We concluded that the evidence was legally insufficient to support a jury finding that the plaintiff had suffered a compensable workers' compensation injury. *Id.*

Tatum argues on appeal that the facts alone were sufficient to show proximate causation of the medical expenses. Tatum cites *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex. 1984), in support of her argument. In that case, Morgan returned after a vacation to her work at Compugraphic to find that a typesetting machine had been installed near her desk. *Id.* at 731. The machine was only two inches from her face as she worked. The supreme court described her condition:

> Soon after Morgan came back to work, she began to develop problems with her breathing. After working four or five days near the machine, she began to experience blurred vision, headaches, stomach problems, and swelling of the eyes, lips, and nasal passages. About a month after she began to suffer these symptoms, Morgan learned that two chemical leaks in the typesetter had been discovered and repaired. Morgan's health continued to decline after the repair. She testified that she began to develop frequent skin rashes as well as a number of problems with

her circulatory, digestive and nervous systems. She further testified that she has to administer histamine shots to herself twice each day.

*Id.* at 731. She sued Compugraphic, but it did not answer. Morgan moved for a default judgment, presenting evidence at the hearing, and the trial court awarded her $200,000. The supreme court held, "this evidence establishes a sequence of events from which the trier of fact may properly infer, without the aid of expert medical testimony, that the release of chemical fumes from the typesetting machine caused Morgan to suffer injury," which provided evidence in the record to support the trial court's award of damages. *Id.* at 733. Nothing in *Morgan*, however, shows the damages awarded included medical expenses.

This case is analogous to one from the Houston First District Court of Appeals, the appellate district from which this case originates. In *Sanchez v. Leija*, Sanchez sued Leija following an automobile accident, and Sanchez sought damages including for his medical expenses. No. 01-19-00165-CV, 2020 WL 7349094, at *1 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet.) (mem. op.).

> Sanchez testified that he first sought medical treatment at an emergency room days after the accident because his low back was hurting. He saw another health care provider who recommended physical therapy, Sanchez did not remember when. He received physical therapy for his low back pain and also saw a chiropractor. He testified that he had a prior back injury from years before the accident.

*Id.* at *2. Sanchez presented no expert evidence and relied exclusively on his testimony and the medical records. These facts are nearly identical to the evidence in this case. The trial court granted the defendant's motion for summary judgment,

rendering a take-nothing judgment. The court of appeals concluded the trial court did not err by granting the summary judgment as to the plaintiff's medical expenses.

*Id.* at *4. The court of appeals stated,

> The type of injuries for which Sanchez seeks compensation—ligament sprain of the thoracic spine and lumbar spine, back spasms, lumbar radiculopathy, and increased symptoms of post-traumatic stress disorder—are neither common nor basic.
>
> Not only are the medical conditions not within the common knowledge and experience of layperson, but temporal proximity alone in this case, that is, the time between the accident and Sanchez's treatment, does not support an inference of medical causation. Sanchez sought treatment days after, and later months after, the accident. Sanchez's testimony that he experienced back pain sometime after the accident merely raises a suspicion that the accident caused his injury. Sanchez acknowledged that he had preexisting back pain and mental health issues. The Supreme Court has observed that suspicion is not legally sufficient to support a finding of causation. *See id.* [*Guevara*, 247 S.W.3d at 667]; *Urena*, 162 S.W.3d at 551 (proximate causation cannot be shown through conjecture, guess or speculation); *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004) (in negligence case, cause-in-fact not established where defendant's negligence did no more than furnish condition which made the injury possible). The fact that Sanchez sought medical treatment at some point in time after the accident is not sufficient evidence of causation to defeat summary judgment.
>
> The medical records also do not raise a fact question with respect to causation. Competent expert medical causation evidence, whether expressed in testimony or in medical records, must be grounded in reasonable medical probability, not speculation or conjecture. *Burroughs Wellcome Co.*, 907 S.W.2d at 500; *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 119 (Tex. App.—Dallas 2009, pet. denied). Mere recitations of medical history, such as those included in the VA medical records, are not independent opinions on causation. *Burroughs Wellcome Co.*, 907 S.W.2d at 500. The fact that Sanchez visited a doctor seven months after the incident and was diagnosed with various back conditions does not raise a fact issue as to whether he

–16–

experienced injuries related to the accident. *See Guevara*, 247 S.W.3d at 669.

*Id.* at *3 (citations omitted).

Likewise, Tatum's medical conditions for which she sought treatment, which involved some of the same conditions as Sanchez's, are not common or basic. Her testimony that she had back pain after the accident and sought medical treatment days after the accident merely raises a suspicion that the accident caused the medical conditions diagnosed and treated by the medical providers. But her lay testimony is not sufficient evidence of causation to constitute more than a scintilla of evidence that her medical conditions leading to the medical expenses were caused by the accident. *See id.*

We conclude no evidence supports the award of damages for medical expenses. We render judgment that Tatum take nothing on her claim for medical expenses.

### Damages for Pain and Suffering and Physical Impairment

McGee also asserts the evidence is legally insufficient to support the jury's award of damages for past and future pain and suffering and past and future physical impairment.[3] McGee argues, "since Tatum failed to show causation for her soft

---

[3] Physical impairment, sometimes called loss of enjoyment of life, encompasses the loss of the injured party's former lifestyle. *Sweringer v. Guajardo*, No. 05-15-00202-CV, 2016 WL 4162785, at *5 (Tex. App.—Dallas Aug. 5, 2016, no pet.) (mem. op.); *Figueroa v. Davis*, 318 S.W.3d 53, 64 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A plaintiff generally must show that his physical-impairment damages are substantial and extend beyond any pain, suffering, mental anguish, lost wages, or diminished earning capacity. *Figueroa*, 318 S.W.3d at 64.

tissue injuries, she has failed [to] provide a scintilla of evidence supporting the jury's awards for past and future impairment along with past and future pain and suffering." McGee points out that Tatum did not seek medical treatment for the injuries to her head, elbow, and knee and argues the evidence conclusively established that Tatum's past and future pain, suffering, and physical impairment were based on her soft-tissue injuries diagnosed in her back and neck.

There is no question Tatum suffered pain in the accident, regardless of whether she sought medical care. Tatum testified that during the accident, her head hit the windshield, her knee hit something inside the car, and she scratched her elbow. Immediately after the accident, she had a knot on her forehead the size of a quarter, a scratch on her elbow, and a bruise on her knee. When she got home, she had a headache and pain in her lower back. These sorts of immediate or nearly immediate pain are basic and common with an automobile accident and would be within the general experience and common knowledge of laypersons. We need not determine whether the damages for past pain and suffering—$8,000—were excessive because McGee did not file a motion for new trial and therefore did not preserve an excessive-damages complaint for appellate review.

McGee cites *Sanchez v. Leija*, and asserts that the trial court in that case granted summary judgment on Sanchez's claims of damages for past and future pain and suffering and past and future physical impairment. *Sanchez*, 2020 WL 7349094, at *4. The court of appeals affirmed the trial court's judgment, but Sanchez did not

argue on appeal that the trial court erred by granting summary judgment on her claims for pain and suffering and physical impairment. Instead, Sanchez argued that the trial court "erred in entering a final judgment because he had 'additional causes of action to prosecute.'" *Id.* The court of appeals determined Sanchez "failed to adequately brief this argument" and "[t]herefore . . . failed to meet his burden to show how the trial court erred in issuing a final judgment." *Id.* The court of appeals did not hold that the trial court's summary judgment on Sanchez's claims for pain and suffering and physical impairment was correct, nor did the court state that expert medical evidence was required to support a claim for these damages. *See id.*

Concerning the awards of future pain and suffering and past and future physical impairment, McGee does not explain why expert testimony is necessary to prove them. Other than *Sanchez*, which does not address whether the trial court erred by granting summary judgment on claims for pain and suffering and physical impairment, McGee cites no authority as purporting to require expert medical evidence to uphold an award for future pain and suffering or past and future physical impairment. We conclude McGee has failed to show no evidence supports the award of these damages.[4]

We overrule McGee's issue on appeal.

---

[4] We do not hold that expert medical evidence is not required to prove future pain and suffering and physical impairment; we hold only that McGee failed to adequately brief this position because she failed to present sufficient argument and authority in her briefing that expert medical evidence is required.

## CONCLUSION

We reverse the award of damages for medical expenses, and we render judgment that Tatum take nothing for past medical expenses. We likewise reverse the award of prejudgment interest, and we remand the case to the trial court for the limited purpose of calculating the award of prejudgment interest based on the modified award of actual damages. We affirm the trial court's judgment in all other respects.

<table>
<tr><td></td><td>/Lana Myers//</td></tr>
<tr><td></td><td>LANA MYERS</td></tr>
<tr><td>210303f.p05</td><td>JUSTICE</td></tr>
</table>



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMANDA MCGEE, Appellant

No. 05-21-00303-CV     V.

LADONNA TATUM, Appellee

On Appeal from the 295th District Court, Harris County, Texas
Trial Court Cause No. 2016-44542.
Opinion delivered by Justice Myers. Justices Pedersen, III and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part, and judgment is **RENDERED** that appellee Ladonna Tatum take nothing on her claim for past medical expenses, and the award of prejudgment interest is **VACATED** and the case is **REMANDED** to the trial court for the limited purpose of calculating the award of prejudgment interest based on the modified award of actual damages. We **AFFIRM** the trial court's judgment in all other respects.

It is **ORDERED** that each party bear its own costs for this appeal.

Judgment entered this 28th day of November, 2022.